```
WILLIAM P. MILLER, Chapter 7      )
Trustee for TRS Institute, LLC,   )
                                  )
            Plaintiff,            )
                                  )
       v.                         )            1:10CV362
                                  )
TRANSCEND SERVICES, INC.,         )
                                  )
            Defendant.            )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff William P. Miller's Motion to Extend Time to Complete Certain Discovery (Docket Entry 45). (See Docket Entry dated Mar. 13, 2013.) For the reasons that follow, the Court will deny the instant Motion.

## BACKGROUND

TRS Institute, LLC commenced this action by filing a Complaint against Defendant. (Docket Entry 1.) By Order dated November 30, 2011, the Court (per United States Magistrate Judge P. Trevor Sharp) adopted the parties' Joint Rule 26(f) Report (Docket Entry 24) and ordered (as to the one matter on which the parties disagreed) that discovery should begin immediately (without awaiting completion of a related arbitration). (Docket Entry 25.) That ruling resulted in the establishment of a discovery deadline of July 28, 2012. (See Docket Entry dated Nov. 30, 2011; see also Docket Entry 25 at 1 ("direct[ing] that discovery shall begin on

the date of the scheduled initial pretrial conference, November 28, 2011, and extend for the agreed-upon eight-month period").) The Court (per the undersigned United States Magistrate Judge) subsequently extended the discovery deadline to November 28, 2012, to allow completion of certain deposition discovery. (See Text Orders dated July 12 and Nov. 19, 2012.)

On November 2, 2012, TRS Institute, LLC filed a Suggestion of Bankruptcy. (Docket Entry 40.) Two weeks later, TRS Institute, LLC and Defendant "move[d] the Court to extend the discovery deadline . . . [to] January 31, 2013, for the purpose of permitting [Defendant] to take [four] depositions . . . [three of which involved witnesses] under subpoena to give depositions prior to . . . November 28, 2012 . . . [which] depositions were cancelled following TRS [Institute, LLC's] [C]hapter 7 bankruptcy filing on October 19, 2012 at the request of the [C]hapter 7 trustee, William P. Miller, Esq. ['Trustee Miller']." (Docket Entry 41 at 1; see also id. at 3 (explaining that Trustee Miller requested deferral of depositions "so that [he] could meet with . . . the attorney for TRS [Institute, LLC] in this case, to learn more about the issues in this case and evaluate the status of the litigation").) Said Motion noted that "[t]he jury trial of this case [was] scheduled for April 1, 2013 . . . [and did] not request that date for the jury trial be moved [but instead] submit[ted] that [TRS Institute, LLC and Defendant would] be prepared to try the case as scheduled

. . . ." (<u>Id.</u> at 4.) Trustee Miller received a copy of said Motion before its filing and consented to it. (<u>See</u> Docket Entry 51-1 at 2.) The Court (per the undersigned Magistrate Judge) granted said Motion. (Text Order dated Nov. 19, 2012.)

On November 29, 2012, Trustee Miller (with the consent of Defendant) moved to substitute Trustee Miller in place of TRS Institute, LLC (Docket Entry 42), which substitution the Court (per the undersigned Magistrate Judge) allowed (Text Order dated Dec. 17, 2012). Trustee Miller subsequently filed the instant Motion on January 31, 2013. (Docket Entry 45.) On February 25, 2013, Defendant moved for summary judgment (Docket Entry 49) and responded in opposition to the instant Motion (Docket Entry 51). Consistent with the then-pending trial date, in early March 2013, Trustee Miller and Defendant filed pretrial disclosures. (Docket Entries 53, 54, 55.) On March 11, 2013, Trustee Miller replied as to the instant Motion. (Docket Entry 56.) Over the next 10 days, Defendant made additional trial-related filings. (Docket Entries 58, 59, 63, 64, 66.) On March 27, 2013, Trustee Miller (with the consent of Defendant) moved for a continuance of the trial on the grounds that briefing on Defendant's summary judgment motion would extend beyond the scheduled trial date. (Docket Entry 68 at 2.) The Court (per United States District Judge James A. Beaty, Jr.) granted that Motion on April 3, 2013. (Docket Entry 70.) A

-3-

hearing has been set on Defendant's summary judgment motion for April 30, 2013.  (Docket Entry 71.)[1]

## DISCUSSION

The instant Motion (filed the day discovery closed) asks the Court to extend discovery "for at least four (4) months to allow [Trustee Miller] the opportunity to conduct the depositions of some or all of [22 listed] individuals . . . [and] limited additional written discovery . . . ."  (Docket Entry 45 at 3-4.)[2]  As justification for that request, said Motion states as follows:

> At the time of the November 17, 2012 text order, [Trustee Miller] simply did not have enough information to not only evaluate the case, but to even fully appreciate the issues, facts and witnesses of this case. Since [that] time . . ., [Trustee Miller] and his counsel have diligently attempted to familiarize themselves with this case and the facts underlying it. . . .
>
> . . . .
>
> [Trustee Miller's] requests are reasonable given his recent appointment, the factual and legal complexity of this case, and the discovery which had been completed on [TRS Institute, LLC's] behalf prior to the filing of the [Chapter 7] petition.  As the Court well knows, it is the statutory duty of [Trustee Miller] to attempt to maximize the value of the estate of [TRS Institute, LLC] for the

---

[1]  Trustee Miller electronically filed his response in opposition to Defendant's summary judgment motion on April 1, 2013 (Docket Entry 69), such that Defendant must file any reply by April 18, 2013, see M.D.N.C. LR7.3(h); Fed. R. Civ. P. 6(d).

[2] In his Reply, Trustee Miller clarified that he "meant that if the Court allows [him] to conduct depositions, the individuals deposed will be selected from among those listed in [the instant Motion], subject always to the limitations of the Initial Pretrial Order [which permitted 10 depositions of non-experts]."  (Docket Entry 56 at 1-2; see also Docket Entry 24 at 3.)

-4-

benefit of its creditors.  [TRS Institute, LLC's] only
asset is the present litigation which, upon investigation
of the complex factual basis of the instant matter,
appears to [Trustee Miller] to be a meritorious claim.
Should [Trustee Miller] not be permitted the extension
requested herein, [he] will not be able to effectively
carry out his statutory duties to [TRS Institute, LLC's]
creditors.  Moreover, as the instant matter has already
been pending for several years, the brief additional
extension of time requested herein will not unduly
prejudice [] Defendant.

(Id. at 2, 4.)

"A schedule may be modified only for good cause and with the

judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).[3]

---

[3] Prior to the 1983 amendment of Federal Rule of Civil
Procedure 16 that mandated entry of scheduling orders, federal
courts had experimented with them.  See Fed. R. Civ. P. 16 advisory
committee's note, 1983 Amend., Discussion, Subdiv. (b).  In Barwick
v. Celotex Corp., 736 F.2d 946 (4th Cir. 1984), the United States
Court of Appeals for the Fourth Circuit confronted an appeal
related to a scheduling order entered by a district court prior to
the adoption of the 1983 Amendment.  In affirming the district
court's enforcement of the scheduling order in that case, the
Fourth Circuit stated:  "The requirements of the pretrial order are
not set in stone, but may be relaxed for good cause, extraordinary
circumstances, or in the interest of justice."  Id. at 954
(emphasis added).  In this case, the governing Federal Rule of
Civil Procedure permits modification of scheduling orders "only for
good cause," Fed. R. Civ. P. 16(b)(4) (emphasis added), and thus
does not authorize alteration of scheduling order deadlines upon a
showing of "extraordinary circumstances" or "in the interest of
justice," as Barwick did for scheduling orders entered prior to the
1983 Amendment.  It does not appear that the Fourth Circuit has
repeated the relevant Barwick language in a published opinion
construing a scheduling order adopted pursuant to the post–1983
Amendment version of Federal Rule of Civil Procedure 16.   The
Fourth Circuit, however, has quoted that excerpt from Barwick in a
few unpublished decisions, including, most recently, Wall v.
Fruehauf Trailer Servs., Inc., 123 F. App'x 572, 576 (4th Cir.
2005), but without addressing the intervening amendment of Federal
Rule of Civil Procedure 16.   Trustee Miller has not relied on
Barwick (or its unpublished progeny) (see Docket Entries 45, 56)
(continued...)

-5-

"[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is <u>diligence</u>." <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 255 (S.D.W. Va. 1995) (emphasis added); <u>see also</u> Fed. R. Civ. P. 16 advisory comm.'s note, 1983 Amend., Discussion, Subdiv. (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the <u>diligence</u> of the party seeking the extension." (emphasis added)); M.D.N.C. LR26.1(d) (providing that motions seeking to extend discovery period "must set forth good cause justifying the additional time and will be granted or approved <u>only</u> upon a showing that the parties have <u>diligently</u> pursued discovery" (emphasis added)). The instant Motion fails to show good cause under the foregoing standard.

The record (detailed in the Background section above) reflects that Defendant Miller had notice of and consented to the Motion that resulted in the Text Order dated November 17, 2012, that extended the discovery period (for a second time) to January 31, 2013. As its first ground for relief from that deadline, the instant Motion states that, "[a]t the time of the November 17, 2012 [T]ext [O]rder, [Trustee Miller] simply did not have enough information to not only evaluate the case, but to even fully appreciate the issues, facts and witnesses of this case." (Docket

---

[3](...continued)
and, if he had, the Court would hold that the <u>Barwick</u> standard did not survive the 1983 Amendment, <u>see</u> <u>Halpern v. Wake Forest Univ. Health Scis.</u>, 268 F.R.D. 264, 273-74 (M.D.N.C. 2010), <u>aff'd</u>, No. 1:09CV474 (M.D.N.C. Sept. 20, 2010) (Tilley, S.J.) (unpublished).

-6-

Entry 45 at 2.) However, as Defendant's Response notes, "as of November 17, 2012, [Trustee Miller] had been appointed [to oversee TRS Institute, LLC's bankruptcy estate] for approximately one month" (Docket Entry 51 at 4) and the instant Motion fails to explain why, within that period and through reasonable diligence, he could not have completed a proper "review of the litigation, which as [Trustee Miller] point[ed] out in his [instant] Motion, is [said] bankruptcy estate's only significant asset" (id.). Under these circumstances, the Court deems Trustee Miller to have knowingly accepted January 31, 2013, as a reasonable date for the conclusion of discovery in this case.

Additionally, even if one assumed that, as of November 17, 2012, Trustee Miller had not had sufficient time to make an informed assessment about what discovery to take, the instant Motion fails to explain why he waited another two-and-a-half months until the last day of the twice-extended, 14-month discovery period to seek a further extension. (See Docket Entry 45.) Nor does the instant Motion set out any justification for the apparent failure of Trustee Miller to take any depositions during the period from November 17, 2012, through January 31, 2013. (See id.) In other words, the instant Motion "offers an insufficiently robust explanation of why [or how] he was diligent," Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir. 2011).

The instant Motion does assert in conclusory terms that the request for at least four more months of discovery is "reasonable given [Trustee Miller's] recent appointment, the factual and legal complexity of this case, and the discovery which had been completed on [TRS Institute, LLC's] behalf prior to the filing of the [Chapter 7] petition" (Docket Entry 45 at 4) and that, without further time for discovery, Trustee Miller "will not be able to effectively carry out his statutory duties to [TRS Institute, LLC's] creditors" (id.). These assertions do not warrant the requested extension of the discovery period for several reasons.

First, simply declaring a case complex does not establish good cause under Federal Rule of Civil Procedure 16(b)(4). See, e.g., Hernandez v. Mario's Auto Sales, Inc., 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009) (declining to extend discovery where "Plaintiffs' counsel fail[ed] to explain how the complexities of th[e] case warrant an extension"). Notably, the instant Motion does not attempt to show why Trustee Miller requires deposition testimony from any listed witness. (See Docket Entry 45.) In addition, Trustee Miller's Response to Defendant's summary judgment motion does not contend, pursuant to Federal Rule of Civil Procedure 56(d), that inadequate discovery prevented the presentation of evidence necessary to sustain his claim(s). (See Docket Entry 69.)

Further, Trustee Miller has not cited any authority for his view that his assumption of control over this litigation from TRS

-8-

Institute, LLC (and the related change in counsel) entitles him to alteration of the previously agreed-upon end-point of discovery. (Docket Entry 45.)  Moreover, independent research revealed authority from analogous contexts suggesting the opposite.  <u>See, e.g.</u>, <u>Carson v. Bethlehem Steel Corp.</u>, 82 F.3d 157, 159 (7th Cir. 1996) ("There is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery."); <u>Carlson v. Geneva City Sch. Dist.</u>, 277 F.R.D. 90, 96 (W.D.N.Y. 2011) ("[A] delay [in the conduct of discovery] attributed to a change in counsel does not constitute good cause [for an extension of the discovery period] because new counsel is bound by the actions of their predecessor." (internal quotation marks omitted)). Finally, as Defendant has observed, although Trustee Miller may have an obligation to maximize the value of this lawsuit as an asset of TRS Institute, LLC's bankruptcy estate, "[t]he asset that the [b]ankruptcy [e]state owns is this litigation in the state it was in [when the Chapter 7 filing occurred].  That litigation was near the conclusion of discovery . . . ."  (Docket Entry 51 at 5.)[4]

---

[4] As a final matter, any alleged lack of prejudice to Defendant from an extension of discovery does not establish good cause.  <u>See</u> <u>Reese v. Virginia Int'l Terminals, Inc.</u>, 286 F.R.D. 282, 285 (E.D. Va. 2012) ("'The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant . . . but rather on the moving party's diligence.'" (quoting <u>Lineras v. Inspiration Plumbing LLC</u>, No. 1:10cv324, 2010 WL 4623940, at *2 (E.D. Va. Nov. 3, 2010)); <u>accord</u> <u>Cole v. Principi</u>, No. 1:02CV790, 2004 WL 878259, at *7 (M.D.N.C. Apr. 22, 2004) (Beaty, J.) (unpublished); <u>DeWitt v. Hutchins</u>, 309 F. Supp. 2d 743,
(continued...)

In sum, a scheduling order represents "the critical path chosen by the [Court] and the parties to fulfill the mandate of [Federal] Rule [of Civil Procedure] 1 in securing the just, speedy, and inexpensive determination of every action." Marcum, 163 F.R.D. at 253 (internal brackets and quotation marks omitted); see also Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 594 (7th Cir. 2012) (reaffirming "that district courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal"); Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., No. 1:03CV537, 2005 WL 6043267, at *3 (M.D.N.C. July 7, 2005) (unpublished) (citing this Court's "history of strict adherence to

---

[4](...continued)
748 (M.D.N.C. 2004) (Dixon, M.J.); 3 James Wm. Moore et al., Moore's Fed. Prac.—Civil § 16.14[b] (3d ed. 2009). Nor can the Court accept Trustee Miller's assertion that, because "the instant matter has already been pending for several years, the [continuation of discovery for at least four more months] will not unduly prejudice [] Defendant" (Docket Entry 45 at 4). Given the late filing of the instant Motion (such that briefing thereon necessarily ran past the dispositive motions deadline), "[g]ranting the [instant Motion] would have occasioned not only more discovery but also a duplication of the expense of making and supporting dispositive motions," Carson, 82 F.3d at 159. The Court need not consider whether such prejudice would warrant denial of the instant Motion if Trustee Miller otherwise had shown good cause, see Smith v. United Steel Workers of Am., Civil Action No. 2:04-0499, 2007 WL 2477345, at *1 (S.D.W. Va. Aug. 29, 2007) (unpublished) (quoting with approval statement in Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), that "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion [to relax a scheduling order deadline]"), because (for reasons discussed above) the instant Motion fails to set forth good cause for further discovery.

-10-

discovery schedules"). Under Federal Rule of Civil Procedure 16(b)(4), before altering a discovery deadline in a scheduling order, the Court "must assess . . . the parties' efforts throughout the pendency of litigation . . . and nothing has been presented to explain the . . . lack of diligence in procuring [the] discovery [now sought] over the prolonged discovery period." <u>Yessenow v. Hudson</u>, No. 2:08CV353, 2011 WL 3667488, at *4 (N.D. Ind. Aug. 22, 2011) (unpublished). The Court thus declines to extend discovery.

<u>CONCLUSION</u>

Trustee Miller has not shown good cause under Federal Rule of Civil Procedure 16(b)(4) for extension of the discovery deadline.

**IT IS THEREFORE ORDERED** that Trustee Miller's Motion to Extend Time to Complete Certain Discovery (Docket Entry 45) is **DENIED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
April 16, 2013

-11-